FILED

2010 JUL 22  PM 12: 58

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

10 CR 2967 IEG

January 2010 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>JOSHUA JOHN HESTER (1),<br>REX NAANOS (2),<br>JAY HANSEN (3),<br>KELSEY LYNN WIEDENHOEFER (4),<br>MARCO MANUEL LUIS (5),<br>RYAN MICHAEL WHITE (6),<br>TARA ELIZABETH HESTER (7),<br>ZACHARY DICKINSON (8),<br>JUSTIN MATTHEW HUNT (9),<br>STEPHANIE TINE (10),<br>ALEC CHRISTIAN PACILLAS (11),<br>JOSEPH MATTHEW NUNES (12),<br>ADAM MUSCAT (13),<br><br>        Defendants. | Case No. _____<br><br>I N D I C T M E N T<br><br>Title 21, U.S.C., Secs. 841(a)(1)<br>and 846 - Conspiracy to Manufacture<br>and Distribute a Controlled<br>Substance; Title 21, U.S.C.,<br>Sec. 841(a)(1) - Manufacturing of<br>a Controlled Substance; Title 21,<br>U.S.C., Secs. 856(a)(1) and 846 -<br>Conspiracy to Maintain Drug-<br>Involved Premises; Title 21,<br>U.S.C., Sec. 856(a)(1) -<br>Maintaining Drug-Involved Premises;<br>Title 21, U.S.C.,  Sec. 843(b) -<br>Using Communication Facility;<br>Title 18, U.S.C., Secs. 1956 and<br>1956(h) - Conspiracy To Launder<br>Money; Title 18, U.S.C.,<br>Sec. 1956(a)(1)(A)(i) - Laundering<br>Money; Title 18, U.S.C.,<br>Secs. 1957 and 1956(h) - Conspiracy<br>To Engage In Monetary Transactions;<br>Title 18, U.S.C., Sec. 1957 -<br>Engaging In Monetary Transactions;<br>Title 18, U.S.C.,<br>Sec. 1956(a)(1)(B)(i) - Laundering<br>Money; Title 18, U.S.C.,  Sec. 2 -<br>Aiding and Abetting; Title 21,<br>U.S.C., Sec. 853 and Title 18,<br>U.S.C., Sec. 982 - Criminal<br>Forfeiture |

The grand jury charges:

Count 1

Beginning at a date unknown to the grand jury and continuing up to December 7, 2008, within the Southern District of California, and elsewhere, defendants JOSHUA JOHN HESTER, REX NAANOS and JAY HANSEN

SWH:nmc:San Diego
7/22/10

1  did knowingly and intentionally conspire together and with each
2  other and with other persons, known and unknown to the grand
3  jury, to distribute 1,000 kilograms and more of marijuana, a
4  Schedule I Controlled Substance; in violation of Title 21,
5  United States Code, Sections 841(a)(1) and 846.

Count 2

7      Beginning in May 2009 and continuing up to July 9, 2010, within
8  the Southern District of California, defendants JOSHUA JOHN HESTER,
9  RYAN MICHAEL WHITE, TARA ELIZABETH HESTER, ZACHARY DICKINSON, JUSTIN
10  MATTHEW HUNT, STEPHANIE TINE, and ALEC CHRISTIAN PACILLAS did
11  knowingly and intentionally conspire together and with each other and
12  with other persons, known and unknown to the grand jury, to distribute
13  100 kilograms and more marijuana, a Schedule I Controlled Substance;
14  in violation of Title 21, United States Code, Sections 841(a)(1)
15  and 846.

Count 3

17      Beginning in May 2009 and continuing up to July 9, 2010, within
18  the Southern District of California, defendants JOSHUA JOHN HESTER,
19  RYAN MICHAEL WHITE, TARA ELIZABETH HESTER, and ZACHARY DICKINSON did
20  knowingly and intentionally conspire together and with each other and
21  with other persons, known and unknown to the grand jury, to
22  manufacture 100 marijuana plants and more, a Schedule I Controlled
23  Substance; in violation of Title 21, United States Code,
24  Sections 841(a)(1) and 846.
25  //
26  //
27  //
28  //

2

Count 4

On or about September 9, 2009, within the Southern District of California, defendants JOSHUA JOHN HESTER, RYAN MICHAEL WHITE, TARA ELIZABETH HESTER, and ZACHARY DICKINSON did knowingly and intentionally manufacture 100 marijuana plants and more, a Schedule I Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Count 5

On or about May 12, 2010, within the Southern District of California, defendants JOSHUA JOHN HESTER, RYAN MICHAEL WHITE, and ADAM MUSCAT did knowingly and intentionally manufacture approximately 89 marijuana plants, a Schedule I Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Count 6

On or about May 2009 and continuing up to and including June 2010, within the Southern District of California, defendants JOSHUA JOHN HESTER, RYAN MICHAEL WHITE, TARA ELIZABETH HESTER, and JUSTIN MATTHEW HUNT did knowingly and intentionally conspire together and with each other and with other persons, known and unknown to the grand jury, to maintain a place at 3415 Mission Boulevard, San Diego, California, known as the "Green Kross Collective," for the purpose of distributing marijuana, a Schedule I Controlled Substance; in violation of Title 21, United States Code, Sections 856(a)(1) and 846.

//

//

//

1

Count 7

2    On or about August 2009 and continuing up to and including

3 July 9, 2010, within the Southern District of California, defendants

4 JOSHUA JOHN HESTER, ZACHARY DICKINSON,   STEPHANIE TINE, and ALEC

5 CHRISTIAN PACILLAS did knowingly and intentionally conspire together

6 and with each other and with other persons, known and unknown to the

7 grand jury, to maintain a place at 777 6th Avenue, Suite 127, San

8 Diego, California, known as the "Downtown Kush Lounge Cooperative,"

9 for the purpose of distributing marijuana, a Schedule I Controlled

10 Substance;   in   violation   of   Title   21,   United   States   Code,

11 Sections 856(a)(1) and 846.

12

Count 8

13    Beginning at an unknown date and continuing up to and including

14 May 12, 2010, within the Southern District of California, defendants

15 JOSHUA JOHN HESTER, RYAN MICHAEL WHITE, and ADAM MUSCAT did knowingly

16 and intentionally conspire together and with each other and with other

17 persons, known and unknown to the grand jury, to maintain a place at

18 15702 Circo Diegueno, Rancho Santa Fe, California, for the purpose of

19 manufacturing   marijuana,   a   Schedule   I   Controlled   Substance;   in

20 violation of Title 21, United States Code, Sections 856(a)(1) and 846.

21

Count 9

22    On or about May 2009 and continuing up to June 2010, within the

23 Southern District of California, defendants JOSHUA JOHN HESTER, RYAN

24 MICHAEL WHITE, TARA ELIZABETH HESTER, and JUSTIN MATTHEW HUNT did

25 knowingly   and   intentionally   maintain   a   place   at   3415   Mission

26 Boulevard,   San   Diego,   California,   known   as   the   "Green   Kross

27 Collective," for the purpose of distributing marijuana, a Schedule I

28

4

1  Controlled Substance; in violation of Title 21, United States Code,
2  Section 856(a)(1), and Title 18, United States Code, Section 2.

### Count 10

4  On or about August 2009 and continuing up to July 9, 2010, within
5  the Southern District of California, defendants JOSHUA JOHN HESTER,
6  ZACHARY DICKINSON, STEPHANIE TINE, and ALEC CHRISTIAN PACILLAS did
7  knowingly and intentionally maintain a place at 777 6th Avenue,
8  Suite 127, San Diego, California, known as the "Downtown Kush Lounge
9  Cooperative," for the purpose of distributing marijuana, a Schedule I
10 Controlled Substance; in violation of Title 21, United States Code,
11 Section 856(a)(1), and Title 18, United States Code, Section 2.

### Count 11

13 On or about May 12, 2010, within the Southern District of
14 California, defendants JOSHUA JOHN HESTER, RYAN MICHAEL WHITE, and
15 ADAM MUSCAT did knowingly and intentionally maintain a place at 15702
16 Circo Diegueno, Rancho Santa Fe, California, for the purpose of
17 manufacturing marijuana, a Schedule I Controlled Substance; in
18 violation of Title 21, United States Code; Section 856(a)(1), and
19 Title 18, United States Code, Section 2.

### Count 12

21 On or about March 1, 2010, at approximately 8:45 p.m., within the
22 Southern District of California, defendant JOSEPH MATTHEW NUNES did
23 knowingly and intentionally use a communication facility, to wit, a
24 telephone, in facilitating the commission of any act or acts
25 constituting a felony under Title 21, United States Code,
26 Sections 841(a)(1) and 846, that is, conspiracy to distribute
27 marijuana, a Schedule I Controlled Substance; in violation of
28 Title 21, United States Code, Section 843(b).

## Count 13

On or about March 1, 2010, at approximately 8:53 p.m., within the Southern District of California, defendant JOSEPH MATTHEW NUNES did knowingly and intentionally use a communication facility, to wit, a telephone, in facilitating the commission of any acts or acts constituting a felony under Title 21, United States Code, Sections 841(a)(1) and 846, that is, conspiracy to distribute marijuana, a Schedule I Controlled Substance; in violation of Title 21, United States Code, Section 843(b).

## Count 14

On or about May 2, 2010, at approximately 6:46 p.m., within the Southern District of California, defendant JOSEPH MATTHEW NUNES did knowingly and intentionally use a communication facility, to wit, a telephone, in facilitating the commission of any act or acts constituting a felony under Title 21, United States Code, Sections 841(a)(1) and 846, that is, conspiracy to distribute marijuana, a Schedule I Controlled Substance; in violation of Title 21, United States Code, Section 843(b).

## Count 15

Beginning at a date unknown to the grand jury and continuing up to and including December 7, 2008, within the Southern District of California, and elsewhere, defendants JOSHUA JOHN HESTER, REX NAANOS, and JAY HANSEN did knowingly and intentionally conspire together and with each other and with other persons, known and unknown to the grand jury, to conduct financial transactions affecting interstate commerce, to wit, delivering and transporting millions of dollars in currency during the time frame of the conspiracy, which involved the proceeds of specified unlawful activity, that is, conspiracy to distribute

marijuana, with the intent to promote the carrying on of the specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(h).

### Count 16

#### (Rancho Santa Fe Residence)

On or about December 2006 and continuing up to September 30, 2009, within the Southern District of California, defendants JOSHUA JOHN HESTER, KELSEY LYNN WIEDENHOEFER, and MARCO MANUEL LUIS did knowingly and intentionally conspire together and with each other and with other persons, known and unknown to the grand jury, to knowingly engage and attempt to engage in monetary transactions by, through, and to financial institutions, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, deposits and withdrawals of funds to and from West Coast Escrow's bank account exceeding $2,000,000, and causing the transfer of funds by checks to JP Morgan Chase Bank for monthly payments, such property having been derived from specified unlawful activities, that is bank fraud and conspiracy to distribute marijuana; all in violation of Title 18, United States Code, Sections 1957 and 1956(h).

### Counts 17-18

#### (Rancho Santa Fe Residence)

On or about the dates set forth below, within the Southern District of California, defendants JOSHUA JOHN HESTER, KELSEY LYNN WIEDENHOEFER, and MARCO MANUEL LUIS did knowingly engage and attempt to engage in monetary transactions by, through, and to financial

institutions, affecting interstate commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is conspiracy to distribute marijuana:

| COUNT | DEFENDANTS | DATE | MONETARY TRANSACTION |
|-------|-----------|------|---------------------|
| 17 | JOSHUA JOHN HESTER KELSEY LYNN WIEDENHOEFER MARCO MANUEL LUIS | 5/2/2007 | Transfer of funds from Washington Mutual Bank account XXX723-7 in the amount of $25,000 into West Coast Escrow bank account |
| 18 | JOSHUA JOHN HESTER KELSEY LYNN WIEDENHOEFER MARCO MANUEL LUIS | 5/25/2007 | Transfer of funds by wire from Washington Mutual Bank account XXX723-7 in the amount of $212,714.59 into West Coast Escrow bank account |

All in violation of Title 18, United States Code, Sections 1957 and 2.

Counts 19-24

(Rancho Santa Fe Residence)

On or about the dates set forth below, within the Southern District of California, defendants JOSHUA JOHN HESTER, KELSEY LYNN WIEDENHOEFER, and MARCO MANUEL LUIS did knowingly engage and attempt to engage in monetary transactions by, through, and to financial institutions, affecting interstate commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is bank fraud:

| COUNT | DEFENDANTS | DATE | MONETARY TRANSACTION |
|-------|-----------|------|---------------------|
| 19 | JOSHUA JOHN HESTER KELSEY LYNN WIEDENHOEFER MARCO MANUEL LUIS | 5/31/2007 | Transfer of funds by wire from North American Title Company's Comerica Bank account to GMC's bank account at JP Morgan Chase in the amount of $1,662,311.54 |

| COUNT | DEFENDANTS | DATE | MONETARY TRANSACTION |
|-------|-----------|------|---------------------|
| 20 | JOSHUA JOHN HESTER KELSEY LYNN WIEDENHOEFER MARCO MANUEL LUIS | 5/31/2007 | Transfer of funds by wire from North American Title Company's Comerica Bank account to GMC's bank account at JP Morgan Chase in the amount of $357,139.93 |
| 21 | JOSHUA JOHN HESTER KELSEY LYNN WIEDENHOEFER MARCO MANUEL LUIS | 5/31/2007 | Transfer of check by North American Title Company's Comerica Bank account to the San Diego County Tax Collector in the amount of $12,652.43 |
| 22 | JOSHUA JOHN HESTER KELSEY LYNN WIEDENHOEFER MARCO MANUEL LUIS | 5/31/2007 | Transfer of check by West Coast Escrow bank account to TCS Realty Inc. in the amount of $51,250 |
| 23 | JOSHUA JOHN HESTER KELSEY LYNN WIEDENHOEFER MARCO MANUEL LUIS | 5/31/2007 | Transfer of check by West Coast Escrow bank account to TCS Realty Inc. in the amount of $20,631.25 |
| 24 | JOSHUA JOHN HESTER KELSEY LYNN WIEDENHOEFER MARCO MANUEL LUIS | 5/31/2007 | Transfer of check by West Coast Escrow bank account to RE/MAX Coastal in the amount of $30,750.00 |

All in violation of Title 18, United States Code, Sections 1957 and 2.

## Count 25

### (Palomar Mountain Property)

Beginning at an unknown date and continuing up to April 2007, within the Southern District of California, defendants JOSHUA JOHN HESTER, JAY HANSEN and MARCO MANUEL LUIS did knowingly and intentionally conspire together, with each other, and with other persons, known and unknown to the grand jury, to knowingly engage and attempt to engage in monetary transactions by, through, and to financial institutions, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, causing the transfer of funds by checks, such property having been derived from

9

a specified unlawful activity, that is bank fraud; all in violation of Title 18, United States Code, Sections 1957 and 1956(h).

Counts 26-30

(Palomar Mountain Property)

On or about the dates set forth below, within the Southern District of California, defendants JOSHUA JOHN HESTER, JAY HANSEN, and MARCO MANUEL LUIS did knowingly engage and attempt to engage in monetary transactions by, through, and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, the transfer of funds by checks, such property having been derived from a specified unlawful activity, that is bank fraud:

| COUNT | DEFENDANTS | DATE | MONETARY TRANSACTION |
|---|---|---|---|
| 26 | JOSHUA JOHN HESTER<br>JAY HANSEN<br>MARCO MANUEL LUIS | 3/30/2007 | Transfer of Union Bank check (#824252145) by Chicago Title Company payable to TCS Mortgage in the amount of $14,383.04 |
| 27 | JOSHUA JOHN HESTER<br>JAY HANSEN<br>MARCO MANUEL LUIS | 3/30/2007 | Transfer of Union Bank check (#824252144) by Chicago Title Company payable to TCS Realty in the amount of $16,400.00 |
| 28 | JOSHUA JOHN HESTER<br>JAY HANSEN<br>MARCO MANUEL LUIS | 3/30/2007 | Transfer of Union Bank check (#824252146) by Chicago Title Company payable to Howard B. Merrill, Trustee, and Beverly F. Merrill, Trustee of the Howard B. Merrill and Beverly F. Merrill 1996 Trust, initially created on 5/14/96 in the amount of $255,330.78 |

| COUNT | DEFENDANTS | DATE | MONETARY TRANSACTION |
|---|---|---|---|
| 29 | JOSHUA JOHN HESTER<br>JAY HANSEN<br>MARCO MANUEL LUIS | 3/30/2007 | Transfer of Union Bank check (#824252147) by Chicago Title Company payable to Howard B. Merrill, Trustee, and Beverly F. Merrill, Trustee of the Howard B. Merrill and Beverly F. Merrill 1996 Trust, initially created on 5/14/96 in the amount of $255,330.78 |
| 30 | JOSHUA JOHN HESTER<br>JAY HANSEN<br>MARCO MANUEL LUIS | 3/30/2007 | Transfer of Union Bank check (#824252149) by Chicago Title Company payable to RE/Max United in the amount of $16,800.00 |

All in violation of Title 18, United States Code, Sections 1957 and 2.

Count 31

(Yuma Residence)

On or about July 31, 2008, within the Southern District of California, and elsewhere, defendant JOSHUA JOHN HESTER did knowingly engage and attempt to engage in monetary transactions by, through, and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, transfer by wire of funds, to wit, $42,406.66, from defendant JOSHUA JOHN HESTER's Washington Mutual bank account to Fidelity National Title Company's bank account at Wells Fargo Bank, such property having been derived from a specified unlawful activity, that is conspiracy to distribute marijuana; all in violation of Title 18, United States Code, Section 1957.

//

//

//

11

## Count 32

### (Yuma Residence)

On or about August 5, 2008, within the Southern District of California, and elsewhere, defendant JOSHUA JOHN HESTER did knowingly engage and attempt to engage in monetary transactions by, through, and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, issuance of a check from Fidelity National Title Company bank account at Wells Fargo Bank, to AHMSI, in the amount of $224,418.49, such property having been derived from a specified unlawful activity, that is bank fraud; all in violation of Title 18, United States Code, Section 1957.

## Count 33

Beginning at a date unknown to the grand jury and continuing up to and including July 9, 2010, within the Southern District of California, defendants JOSHUA JOHN HESTER and STEPHANIE TINE did knowingly and intentionally conspire together and with each other and with other persons, known and unknown to the grand jury, to conduct financial transactions affecting interstate commerce, to wit, the transfer of funds by checks payable to Joshua Tree SD LLC, which involved the proceeds of a specified unlawful activity, that is, conspiracy to distribute marijuana, knowing that these transactions were designed in whole or in part to conceal or disguise the source, ownership, and control or the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of

specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1956(h).

### Counts 34-43

On or about the dates set forth below, within the Southern District of California, defendants JOSHUA JOHN HESTER and STEPHANIE TINE did knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, to wit, the transfer of funds by checks to Joshua Tree SD LLC, which involved the proceeds of a specified unlawful activity, that is conspiracy to distribute marijuana, knowing that the transaction was designed in whole or in part to conceal or disguise the source, ownership, or control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity:

| COUNT | DEFENDANTS | DATE | MONETARY TRANSACTION |
|-------|------------|------|----------------------|
| 34 | JOSHUA JOHN HESTER STEPHANIE TINE | 11/21/2009 | Transfer of Downtown Kush Lounge Cooperative Bank of America check payable to Joshua Tree SD LLC in the amount of $1,750 |
| 35 | JOSHUA JOHN HESTER | 11/21/2009 | Transfer of Green Kross Collective Bank of America check to Joshua Tree SD LLC in the amount of $1,750 |
| 36 | JOSHUA JOHN HESTER STEPHANIE TINE | 12/28/2009 | Transfer of Downtown Kush Lounge Cooperative Bank of America check payable to Joshua Tree SD LLC in the amount of $1,750 |
| 37 | JOSHUA JOHN HESTER | 12/28/2009 | Transfer of Green Kross Collective Bank of America check to Joshua Tree SD LLC in the amount of $1,750 |

| COUNT | DEFENDANTS | DATE | MONETARY TRANSACTION |
|---|---|---|---|
| 38 | JOSHUA JOHN HESTER STEPHANIE TINE | 1/4/2010 | Transfer of Downtown Kush Lounge Cooperative Bank of America check payable to Joshua Tree SD LLC in the amount of $7,250 |
| 39 | JOSHUA JOHN HESTER | 1/4/2010 | Transfer of Green Kross Collective Bank of America check to Joshua Tree SD LLC in the amount of $5,250 |
| 40 | JOSHUA JOHN HESTER STEPHANIE TINE | 1/11/2010 | Transfer of Downtown Kush Lounge Cooperative Bank of America check payable to Joshua Tree SD LLC in the amount of $7,250 |
| 41 | JOSHUA JOHN HESTER | 1/11/2010 | Transfer of Green Kross Collective Bank of America check to Joshua Tree SD LLC in the amount of $5,250 |
| 42 | JOSHUA JOHN HESTER STEPHANIE TINE | 1/18/2010 | Transfer of Downtown Kush Lounge Cooperative Bank of America check payable to Joshua Tree SD LLC in the amount of $7,250 |
| 43 | JOSHUA JOHN HESTER | 1/18/2010 | Transfer of Green Kross Collective Bank of America check to Joshua Tree SD LLC in the amount of $5,250 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

Count 44

On or about December 8, 2009, within the Southern District of California, defendant JOSHUA JOHN HESTER did knowingly engage and attempt to engage in a monetary transaction by, through, and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, the

1  transfer of funds by wire, to wit $75,000, from defendant JOSHUA JOHN

2  HESTER's Chase Bank account to a bank account of Payformegold.com LLC

3  at Wells Fargo Bank, such property having been derived from a

4  specified unlawful activity, that is, conspiracy to distribute

5  marijuana; all in violation of Title 18, United States Code,

6  Sections 1957 and 2.

7                              Count 45

8      On or about February 16, 2010, within the Southern District of

9  California, defendant JOSHUA JOHN HESTER did knowingly engage and

10  attempt to engage in a monetary transaction by, through, and to a

11  financial institution, affecting interstate commerce, in criminally

12  derived property of a value greater than $10,000, that is, the

13  transfer of funds by wire, to wit $75,000, from defendant JOSHUA JOHN

14  HESTER's Chase Bank account to a bank account of Payformegold.com LLC

15  at Wells Fargo Bank, such property having been derived from a

16  specified unlawful activity, that is, conspiracy to distribute

17  marijuana; all in violation of Title 18, United States Code,

18  Sections 1957 and 2.

19                       FORFEITURE ALLEGATIONS

20      1.   The allegations contained in Counts 1-11 are realleged and

21  by its reference fully incorporated herein for the purpose of alleging

22  forfeiture to the United States of America pursuant to the provisions

23  of Title 21, United States Code, Section 853.

24      2.   As a result of the commission of the felony offenses alleged

25  in Counts 1-11 of this indictment, said violation being punishable by

26  imprisonment for more than one year and pursuant to Title 21,

27  United States Code, Section 853(a)(1), defendant JOSHUA JOHN HESTER,

28  shall, upon conviction, forfeit to the United States all rights, title

and interest in any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of the offense, including but not limited to:

(a)   $7,270.61   obtained   from   JP   Chase   Bank   Account (XXX299-1) in the name of Joshua John Hester;

(b)   $151,043.00   obtained   from   JP   Chase   Bank   Account (XXX204-9) in the name of Joshua Tree SD LTD;

(c)   $31,602.46   obtained   from   Wells   Fargo   Bank   Account (XXX2893) in the name of Downtown Kush Lounge;

(d)   $4,714.44   obtained   from   Wells   Fargo   Bank   Account (XXXX9011) in the name of Downtown Kush Lounge;

(e)   $67,176.41   obtained   from   Wells   Fargo   Bank   Account (XXXX6484) in the name of Paymeforgold.com;

(f)   Range Rover vehicle, bearing California license plate 6LQS705 and VIN number SALMF13477A242527;

(g)   jewelry valued at $105,000 obtained from 6324 Quebec Drive, Los Angeles, California 90068;

(h)   $33,595.00 obtained from defendant JOSHUA JOHN HESTER on February 19, 2010.

(i)   $18,442 cash found at 6324 Quebec Drive, Los Angeles, California.

(j)   $95,000 cash.

3.   As a result of the commission of the felony offenses alleged in Counts 1-11 of this indictment, said violation being punishable by imprisonment for more than one year, and pursuant to Title 21, United States Code, Section 853(a)(2), defendant JOSHUA JOHN HESTER shall, upon conviction, forfeit to the United States all rights, title and interest in any and all property used or intended to be used in

16

1  any manner or part to commit and to facilitate the commission of the
2  violation alleged in this indictment, including but not limited to:
3        (a) $7,270.61 obtained from JP Chase Bank Account
4  (XXX299-1) in the name of Joshua John Hester;
5        (b) $151,043.00 obtained from JP Chase Bank Account
6  (XXX204-9) in the name of Joshua Tree SD LTD;
7        (c) $31,602.46 obtained from Wells Fargo Bank Account
8  (XXX2893) in the name of Downtown Kush Lounge;
9        (d) $4,714.44 obtained from Wells Fargo Bank Account
10 (XXXX9011) in the name of Downtown Kush Lounge;
11       (e) $33,595.00 obtained from defendant JOSHUA JOHN HESTER
12 on February 19, 2010.
13       (f) $95,000 cash.
14    4.    As a result of the commission of the felony offenses alleged
15 in Counts 33-43 and 44-45, said violation being punishable by
16 imprisonment for more than one year, and pursuant to Title 18,
17 United States Code, Section 982(a)(1), defendant JOSHUA JOHN HESTER
18 shall forfeit, upon conviction, to the United States all rights, title
19 and interest in any and all property involved in such offense, and any
20 property traceable to such property, including but not limited to:
21       (a) $151,043.00 obtained from JP Chase Bank Account
22 (XXX204-9) in the name of Joshua Tree SD LTD;
23       (b) $31,602.46 obtained from Wells Fargo Bank Account
24 (XXX2893) in the name of Downtown Kush Lounge;
25       (c) $4,714.44 obtained from Wells Fargo Bank Account
26 (XXXX9011) in the name of Downtown Kush Lounge;
27 //
28 //

17

1        (d)   $67,176.41   obtained   from   Wells   Fargo   Bank   Account

2  (XXXX6484) in the name of Paymeforgold.com.

3  All in violation of Title 18, United States Code, Section 982.

4      5.   If any of the above-described forfeitable property, as a

5  result of any act or omission of the defendant -

6          (1)   cannot be located upon the exercise of due diligence;

7          (2)   has been transferred or sold to, or deposited with, a

8          third person;

9          (3)   has been placed beyond the jurisdiction of the Court;

10          (4)   has been substantially diminished in value; or

11          (5)   has been commingled with other property which cannot

12          be subdivided without difficulty;

13  it is the intent of the United States, pursuant to Title 21,

14  United States Code, Section 853(p) and Title 18, United States Code,

15  Section 982(b), to seek forfeiture of any other property of the

16  defendant up to the value of the said property listed above as being

17  subject to forfeiture.

18      Dated: July 22, 2010

19                  A TRUE BILL:

20

21                  Foreperson

21  LAURA E. DUFFY

22  United States Attorney

23

24  By:

25      SHERRI WALKER HOBSON

25      Assistant U.S. Attorney

26

27

28